Niciforo v Orellana (2023 NY Slip Op 00101)

Niciforo v Orellana

2023 NY Slip Op 00101

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-00414
 (Index No. 621312/17)

[*1]Alexa Niciforo, appellant, 
v
Vanessa M. Orellana, et al., respondents.

Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
Eric D. Feldman, Melville, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated January 3, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident that occurred on December 7, 2016. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated January 3, 2020, the Supreme Court granted the defendants' motion, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). However, in opposition, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Since the defendants' expert conceded that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were caused by the accident, the burden never shifted to the plaintiff to raise a triable issue of fact regarding causation, or to explain any gap in treatment (see Pommells v Perez, 4 NY3d 566, 572; Cortez v Nugent, 175 AD3d 1383, 1384).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court