Martinez v New York City Tr. Auth. (2023 NY Slip Op 00212)

Martinez v New York City Tr. Auth.

2023 NY Slip Op 00212

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-01141
 (Index No. 510867/15)

[*1]Mirna Martinez, appellant, 
v
New York City Transit Authority, et al., defendants, New Mega Limo Car, et al., respondents.

Wellerstein & Associates, P.C., Maspeth, NY (Hedva Wellerstein and Leonora Bloom of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Robert D. Grace, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated December 13, 2019. The order, insofar as appealed from, upon reargument, vacated a determination in an order of the same court dated January 3, 2019, denying the motion of the defendants New Mega Limo Car and Rafael Garcia for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and thereupon granted that motion.
ORDERED that the order dated December 13, 2019, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the order dated January 3, 2019, denying the motion of the defendants New Mega Limo Car and Rafael Garcia for summary judgment dismissing the complaint insofar as asserted against them, is adhered to.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident that occurred on January 29, 2015. The defendants New Mega Limo Car and Rafael Garcia (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated January 3, 2019, the Supreme Court denied the motion.
Thereafter, the defendants moved for leave to reargue their prior motion. In an order dated December 13, 2019, the Supreme Court granted the defendants' motion for leave to reargue, and upon reargument, vacated the determination in the order dated January 3, 2019, denying the defendants' prior motion, and thereupon, granted the defendants' prior motion. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries [*2]to the cervical and lumbar regions of the plaintiff's spine and the alleged injuries to the plaintiff's right shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). However, in opposition, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine and to her right shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218).
Since one of the defendants' experts conceded that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and to the plaintiff's right shoulder were caused by the accident, the burden never shifted to the plaintiff to raise a triable issue of fact regarding causation, or to explain any gap in treatment (see Pommells v Perez, 4 NY3d 566, 572; Cortez v Nugent, 175 AD3d 1383, 1384).
Accordingly, the Supreme Court should have, upon reargument, adhered to its determination denying the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court