Johnson v Dambreville (2024 NY Slip Op 02308)

Johnson v Dambreville

2024 NY Slip Op 02308

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-01316
 (Index No. 519504/16)

[*1]Hubert Johnson, respondent, 
v
Alain Dambreville, et al., appellants.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaugnessy of counsel), for appellants.
Elefterakis Elefterakis & Panek, P.C., New York, NY (Oliver R. Tobias of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated January 11, 2023. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he alleged he sustained when a vehicle, owned by the defendant New York City Transit Authority and driven by the defendant Alain Dambreville, collided with the vehicle that the plaintiff was driving. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated January 11, 2023, the Supreme Court denied the motion. The defendants appeal.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to establish, prima facie, that the plaintiff's injuries were not caused by the accident, as one of their experts conceded that the alleged injuries to the lumbar region of the plaintiff's spine were caused by the accident (see Martinez v New York City Tr. Auth., 212 AD3d 724, 725; see also Niciforo v Orellana, 212 AD3d 642, 642). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact as to whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d 969, 969).
The defendants' remaining contention is without merit.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court